IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BALTAZAR ENRIQUEZ,                   )
                                     )
                Plaintiff,           )
                                     )
     v.                              )      No. 07 C 5247
                                     )
SEIU/HOSPITAL ACCOUNTABILITY         )
PROJECT (H.A.P.),                    )
                                     )
                Defendant.           )

MEMORANDUM ORDER

Baltazar Enriquez ("Enriquez") has filed a Complaint of Employment Discrimination on the form provided by this District Court's Clerk's Office for use by pro se litigants. Enriquez has also tendered an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), also using Clerk-supplied forms. This memorandum order is issued sua sponte because of a facially problematic aspect of the Complaint.

Although Complaint ¶8(b) states that Enriquez received EEOC's right-to-sue letter in July 2007, which would bring the filing of this action within the 90-day time period allowed by law, the photocopy of the letter that Enriquez attaches as a Complaint exhibit shows a date of February 7, 2007, with this notation at the bottom of the letter:

        Copy remailed 03/05/07 per request.

Moreover, both the letter and EEOC's accompanying Dismissal and Notice of Rights, each of which specifies that Enriquez must file suit within 90 days, were addressed to him at the same address

that he lists in his Complaint: 2317 South Trumbull, Chicago, Illinois 60623.

Under the caselaw in this Circuit, the mailing of a right-to-sue letter to the proper address creates a presumption of its receipt within a few days. Enriquez owes something more in the way of an explanation as to his assertedly not receiving the notice for more than five months after it was first sent--over four months after the notice was remailed.[1] If no satisfactory explanation is filed on or before October 3, 2007, this Court would be constrained to dismiss this action as untimely.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: September 19, 2007

---

[1] In the latter respect, whose "request" gave rise to a remailing?

[2] If Enriquez can overcome the timeliness hurdle, his Application appears to support granting him in forma pauperis status. But as to the Motion, Enriquez has not answered its most important provision--Paragraph 2, which requires a statement as to his attempts to obtain counsel on his own--even though that Paragraph carries a boldface "NOTE" stating "This item <u>must</u> be completed" (emphasis in original). It must therefore be denied, although without prejudice to its prompt refiling in proper form.